

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JENNIFER ANDREWS,<br>    Plaintiff,<br><br>vs.<br><br>ANDERSON HYDRA PLATFORMS, INC.;<br>ANDERSON UNDERBRIDGE, LLC;<br>CYNTHIA DANDRIDGE; and, DOES 1–10,<br>    Defendants. | §<br>§<br>§<br>§  Civil Action No. 0:20-01957-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING DEFENDANTS' MOTION TO DISMISS**

  Plaintiff Jennifer Andrews (Andrews) filed this lawsuit against Anderson Hydra Platforms, Inc. (AHP); Anderson UnderBridge, LLC (AUB); Cynthia Dandridge (Dandridge); and, Does 1–10 (collectively, Defendants), alleging violations of the Emergency Paid Sick Leave Act (the EPSLA) and the South Carolina Payment of Wages Act (SCPWA).

  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion to dismiss be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 12, 2021, Defendants filed their objections to the Report on January 26, 2021, and Andrews filed a reply on February 9, 2021. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As to the relationship between the different Defendants in this action, Andrews, in her complaint, "alleges that Dandridge is a corporate officer and majority owner of both AHP and AUB, exercises day to day control over both AHP and AUB, and is involved in the supervision and payment of AHP and AU[B]." Report at 2 (citing Andrews's Compl. ¶¶ 5–6). And, regarding Defendants Does 1-10, Andrews contends "she intends to name as additional defendants . . . any other person or entity that is either an alter ego of [Dandridge, AHP, or AUB] or part of a joint venture or de facto partnership with [Dandridge, AHP, or AUB]. *Id.* (citing Andrews's Compl. ¶¶ 7–8). However, for the purposes of this Order, the Court will refer to her employer as AUB.

Andrews was a full-time employee of AUB as a Plant & Purchasing Director until April 6, 2020. Andrews was also the primary caregiver of her two minor children who were enrolled, prior to the COVID-19 pandemic, at in-person secondary schools in North Carolina. In or around March 2020, North Carolina's governor, Roy Cooper, closed all North Carolina public schools due to the COVID-19 pandemic.

Congress, on March 18, 2020, passed the Families First Coronavirus Response Act (FFCRA), which took effect on April 1, 2020. As is relevant here, the FFCRA created the EPSLA, which requires covered employers to provide a certain amount of paid leave to employees unable to work because of childcare obstacles created by their child's school closures due to COVID-19. Congress also made the act of discharging, disciplining, or discriminating against an employee who takes leave under the EPSLA unlawful.

On April 1, 2020, Andrews's children began a home-based online school program that required increased parental involvement. Consequently, Andrews, on April 1, 2020, requested, in writing, that AUB provide her leave under the EPSLA. In Andrews's request, she informed them it was precipitated by the need to take care of her minor children who were forced to remain at home due to school closures prompted by the COVID-19 pandemic.

AUB, on April 3, 2020, provided Andrews a letter terminating her employment. The termination letter was dated March 30, 2020, and stated her termination would become effective April 6, 2020. AUB subsequently informed Andrews she was ineligible for leave under the EPSLA and reduced her accrued paid time off (PTO) by ten hours for work missed on April 2, 2020.

Defendants raise three objections to the Report. As to the first, Defendants object to the Magistrate's failure "to consider the Affidavit submitted by Defendants [in their motion to dismiss], which show that the alleged factual allegations of [Andrews's] claims are baseless." Obj. at 1.

Defendants attached several exhibits to their motion to dismiss. One of these exhibits consisted of an affidavit by AUB's human resources director undercutting, according to Defendants, Andrews's allegations. The Magistrate Judge "decline[d] to consider the matters

3

outside the pleadings submitted by Defendants" and treated Defendants' motion "as a true motion to dismiss." Report at 2 fn 1.

"Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and the parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). Reasonable opportunity has been interpreted as requiring "that all parties be given some indication by the [C]ourt . . . that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Id.* (citations omitted). And, "a party must be afforded a reasonable opportunity for discovery before a Rule 12(b)(6) motion may be converted and summary judgment granted." *Id.* (citation omitted).

Here, although Defendants argue the Magistrate Judge should have considered the attachments to their Fed. R. Civ. P. 12(b)(6) motion, inasmuch as the Magistrate Judge refrained from converting their motion to dismiss into a motion for summary judgment, such that Andrews was unable to conduct discovery on the matter, the Court concludes he properly "decline[d] to consider [] matters outside the pleadings submitted by Defendants[.]" Report at 2. Accordingly, the Court will overrule Defendants' first objection.

Turning to Defendants' second objection, they object to the Magistrate Judge's failure "to take judicial notice, at the very least, of the rules issued by the Department of Labor [DOL] making clear that [Andrews] has no right to even claim the benefits on which this entire case is based." Obj. at 1. In particular, Defendants contend the "Question and Answers [on the DOL website] specifically found that once an employee is laid off [before April 1, 2020], the employee is not

4

entitled to FCCRA but is eligible for the unemployment benefits provided by the CARES Act." *Id.* at 4.

Here, Defendants' objection disregards the allegations made by Andrews in her complaint. As noted by the Magistrate Judge in his Report, "at this stage of review, the [C]ourt only considers the allegations of the complaint, which state that [Andrews] was not notified of her termination until April 3, 2020, after she had requested leave under [the] EPSLA." Report at 8. Thus, the date of, and reason for, Andrews's termination is a disputed factual matter, and at the motion to dismiss stage, accepting her allegations as true, taking judicial notice of the DOL's Question and Answers—and applying its content contrary to Andrews's allegations—would be improper. Under such a scenario, the Magistrate Judge would improperly serve as a finder of fact. Consequently, the Court will also overrule this objection.

In Defendants' third objection, they object to the Magistrate Judge's application of "the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which were designed to require specificity at the time of the Complaint . . . ." Obj. at 1.

Here, although the Court must accept Andrews's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

The Magistrate Judge, in his Report, noted Andrews's "allegations in the complaint are sufficient to survive dismissal at this stage in the litigation." The Court agrees with the Magistrate

5

Judge and concludes Andrews's complaint sets forth allegations sufficient to withstand the pleading requirements of *Iqbal/Twombly*.  Accordingly, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Defendants' objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion to dismiss the complaint is **DENIED.**

**IT IS SO ORDERED.**

Signed this 8th day of March 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
